WILLIAM J. SHIELDS ET AL. v. JOHN CHRIST JACOB, JOSEPH T. LOWRY, AND AUGUSTUS G. KRONBERG, BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF DETROIT.

*Elections—Ballots—Vignette—Nominating conventions.*

Certain provisions of Act No. 190, Laws of 1891, entitled "An act to prescribe the manner of conducting and to prevent fraud and deception at elections in this State," and made applicable to municipalities by Act No. 194, Laws of 1891, are construed as follows:

  *a*—Where the vignette adopted by a political party, and forwarded to the election commissioners with the names of the candidates nominated, combines within it the name of the party or political organization which the committee forwarding it represent, it is unnecessary to put another heading below it.

  *b*—When the call for a convention of a political party results in the holding of two nominating conventions, it is not the province of the board of election commissioners to determine which convention represented the *regular* nominating convention of the party, but it is their duty to place upon the ballot the names of the candidates certified to them by the committee of either branch of the party represented by the two conventions; and if the name of a party shall be certified by each of the two committees, it is the duty of the commissioners to print the name so certified *without further addition* or distinctive designation than such as is contained in the certificates so furnished.

*Mandamus.* Submitted October 29, 1891. Granted October 30, 1891.

Relators apply for *mandamus* to compel respondents to place the names of certain candidates upon the ballot to be used at a municipal election. The facts are stated in the opinion.

*Alfred Russell* (*Don M. Dickinson, George V. N. Lothrop,* and *J. Logan Chipman,* of counsel), for relators.

*John J. Speed* and *Charles S. McDonald,* for respondents.

PER CURIAM. The petition of the relators sets forth the appointment of the respondents as election commissioners of the city of Detroit on the 6th day of October inst., and also the calling of the Democratic city convention for the nomination of city officers, the holding of such convention, and the proceedings had thereat, and the fact that such convention divided, and two tickets were nominated,—one of them headed by William G. Thompson for mayor, and the other by John Miner, also for mayor; that the committee of that branch of the Democratic party supporting John Miner for mayor prepared a ticket consisting of the officers nominated by the convention, and also a vignette consisting of a right arm holding a flag, upon which was printed the words, "Regular Democratic Ticket," duly certified by them, which was presented to each member of the board of election commissioners, with a request that it be printed upon the ballots to be voted at the election to be held on the 3d day of November prox.

They further set up that the election commissioners refuse to say whether they will print such ticket or not, but, from rumors and reports, they believe it is the

intention of the election commissioners not to print such ticket upon the ballot authorized by law to be voted; that they have inquired of such commissioners whether they intend to print such ticket, and such commissioners have refused to give any answer to such inquiry. They ask for a *mandamus* to be directed to the members of the board of election commissioners, commanding them to "organize, and proceed to prepare, and cause to be printed, ballots bearing upon them, as the regular Democratic ticket, the ticket and candidates and vignette embraced in the certificate of relators hereinbefore set forth;" and that the said John Christ Jacob, Joseph T. Lowry, and Augustus G. Kronberg, board of election commissioners of the city of Detroit, be commanded to place upon the ballot for the municipal election to be held in the city of Detroit on November 3, 1891, in a regular and due form, the list of candidates for mayor and city offices named and embraced in the certificate hereinbefore referred to.

The board of election commissioners have answered the petition, stating that they met on the 26th day of October, and organized as a board, and elected as chairman John Christ Jacob, and George L. Henrion as secretary; that at such session they directed the secretary to insert in the daily newspapers a notice that the board of election commissioners for the city of Detroit would be in session at the city clerk's office in the city hall on Tuesday and Wednesday, October 27 and 28, 1891, at noon on said days, for the purpose of receiving from the chairmen of the several political organizations the names of the persons nominated to the several city and ward offices to be filled at the coming charter election, and that the proof copy of the ballot which is to be prepared by said board of election commissioners would be open for the inspection of the chairman of each of the political

organizations on Saturday and Monday, October 31 and November 2, at the office of the city clerk in the city hall. The answer sets forth that the notices were published in certain papers, naming them.

It also states that at a session of the board held on October 27 there was filed with said board a certificate, a copy of which, signed by William J. Shields as chairman, is set forth in said petition; that prior to said meeting of October 27 there was not at any time presented to said board any certificate from any committee of any political party setting forth the names of candidates for office to be voted for at the next charter election to be held in said city; that on receiving said certificate said board directed its secretary to place such certificate on file, and to notify William Cosgrove, the secretary named in said certificate, that said certificate was informal, for the reason that it did not designate the name of a party or political organization which the said chairman and secretary represented.

They deny that they had, as individuals or as a board, expressed any intention as to their individual action, or any opinion as to how the said board should determine any question which might arise as to the printing upon the election ballots of the names of the candidates mentioned in said certificate, and for the reason that they desired to avoid discussion with or the importunities of personal or political friends in relation to the printing of said tickets; and they admit that when approached they each declined, excepting when acting as a board, to express any such opinion or determination.

They deny that as a board of election commissioners, or as individuals, a majority of said board, or either of them, claimed the right to decide as to the tickets, one of which is headed by John Miner as a candidate for

mayor, and the other by William G. Thompson as a candidate .for said office, as to which one was nominated by the regularly called convention of any party, or to decide which was the regularly called convention, as between the convention which nominated the ticket headed by said Miner and the convention which nominated the ticket .headed by Thompson. They also deny the allegations in the petition impugning their good faith and honesty as members of said board. They further answer and aver that—

"They have not as a board, excepting as hereinbefore stated, acted upon or determined as to the printing of said names on said ballots, but respondents aver that at a meeting of their board held on the 28th day of October, 1891, said board by resolution determined to print, on the official ballot which they are to prepare, all the names of candidates for any and all of the several city, ward, and precinct offices which have been nominated by the regularly called convention of the several political parties, and which shall be duly certified to said board by the respective chairman and secretary of said organizations, and, unless otherwise ordered by your honorable Court, it is the intention of respondents to print the names of all the candidates on the so-called Miner and Thompson Democratic ticket. Respondents also determined to print on the official ballot any vignette which the various political organizations may designate, provided said party supply respondents with a sufficient number of cuts in time to enable them to use the same."

In closing their said answer, respondents state as follows:

"These respondents respectfully submit themselves to the order of the Court, and they pray, if any order be made herein, that they may be advised thereby whether they are required by law to determine which of the list of candidates nominated as aforesaid they should cause to be printed on the ballot prepared by them, or whether they should print on said ballots both of said lists of candidates; and they pray to be further advised, if the

same name of a party shall be certified by both of two committees, whether the names so certified shall be printed without further addition or distinctive designation."

We are clearly of the opinion that the board of election commissioners were in error in supposing that the notice sent by Mr. Shields, and served upon them, was defective for the reason that it did not designate the name of a party or political organization which the said chairman and secretary represented. The vignette, which was a part of the certificate and notice served upon the board, combined within it the name of the party or political organization which they represented, and, where the name of the party is combined with the vignette, it is not necessary to put another heading below it.

The petition shows that the call for a convention of the Democratic party of the city of Detroit resulted in two nominating conventions; and we are of opinion that each of the tickets nominated at such conventions, containing the names of the persons nominated by such conventions, with the vignette and heading, if any is furnished by the committee of such conventions, should be printed upon the ballot. We do not consider that it is the province of the board of election commissioners to determine which convention represented the regular nominating convention of the party; but that it is the duty of said board to print and place upon the ballot the names of the candidates certified to them by the committee of either branch of the party represented by the two conventions held to nominate city officers, and that the names so certified to them in each list shall be embraced in the ticket so printed; and that it is their duty, further, if the same name of a party shall be certified by each of two committees, that the name so certified shall be printed without further addition or

distinctive designation than such as is contained in the certificates furnished.

And, inasmuch as the respondents request that they may be advised upon the points stated in their answer, the order for *mandamus* will issue, commanding them to print upon the ballots to be prepared by them the ticket so furnished to them by the committee of the convention which placed in nomination John Miner for mayor, and also the vignette furnished them by the committee, and that the tickets so printed by them shall contain the name of each of the candidates nominated for the respective offices by said convention in the form substantially prescribed by the statute, with the name which the committee certify to them as the distinctive name of the party, without further addition or distinctive designation.

As the answer denies any design to avoid the law or their duty as election commissioners, no costs will be awarded against them.