## THE PEOPLE EX REL. HODGES v. McGAFFEY, SECRETARY OF STATE.

1. ELECTION LAW—RIVAL CONVENTIONS—JURISDICTION.

When two sets of nominations in due form have been filed with the secretary of state by rival conventions, each claiming to represent the same political party, he has no power to decide between them, but it is his duty to certify both tickets to the county clerks to the end that both may be printed on the official ballot. This court has original jurisdiction to compel the performance of that duty by mandamus.

2. ORIGINAL JURISDICTION.

This court never exercises its original jurisdiction unless the necessity for so doing is urgent.

*Original Application for Writ of Mandamus.*

Mr. GREELEY WHITFORD, Mr. A. B. SEAMAN, Mr. B. W. MALONE and Mr. J. L. HODGES, for relator.

Mr. MILTON SMITH, Mr. A. M. STEVENSON and Mr. JOHN R. SMITH, for respondent.

PER CURIAM. This is a contest waged under the Australian ballot law, between two organizations, viz., the republican party and the silver republican party. As in the preceding case of *The People v. Johnson, ante,* p. 150, this controversy arose before the secretary of state with reference to his duties as to certifying the official ballots for the approaching election. The parties in this cause have selected different em-

blems.    The silver republican party first held its convention
and selected its candidates, and filed its list of nominations
with the secretary of state.    To the certifying of this list a
protest was filed by the present relator, James L. Hodges.
This protest was overruled by the secretary·of state, and there
this matter was allowed to rest.    Later, and on the 30th day
of September, 1896, the organization known as the "repub-
lican party" assembled in the city of Colorado Springs, and
put in nomination a full set of candidates, and selected for
its emblem the device theretofore used in this state by the
republican party, to wit, the eagle.    To this latter set of nom-
inations Mr. Richard Broad, Jr., chairman of the silver re-
publican organization, filed a protest.

Upon a hearing this latter protest was sustained by the
secretary of state, he holding that the set of nominations
made at the Colorado Springs convention was not entitled to
a place upon the official ballots.    The petitioner, claiming
that the secretary of state had no jurisdiction to decide the
controversy, instituted this original proceeding for the pur-
pose of compelling that officer to certify the list of nomina-
tions by the Colorado Springs convention to the various
county clerks, in order that the same may be printed upon
the official ballots; the claim advanced being that this is a
plain duty enjoined by law, about which the secretary of
state has no discretion.

Upon the filing of the petition the court ordered the alter-
native writ of mandamus to issue.    Upon the return day the
secretary of state appeared and filed his answer, whereupon
the petitioner filed a motion for judgment upon the pleadings.
The pleadings are very voluminous, and although nearly every
allegation of the petition is denied by the answer, it is admitted
by the pleadings that there were two conventions, called by
rival factions of the republican party, each faction having
a state central committee, and a full complement of officers,
and each claiming recognition, one as the republican party,
and the other as the successor of the republican party.    In
other words, it sufficiently appears that the rivals are *de facto*

parties.   The question presented is upon the jurisdiction of
the secretary of state to pass upon the claims of these rival
parties, and in refusing to certify one list of nominations.

·   The case made is almost identical with that of *The People
v. District Court*, 18 Colo. 26.   In that case two sets of nomi-
nations were made, and different devices or emblems selected
by conventions representing different factions of the same
political party, each certificate being in apparent conformity
with the law.   Protests having been filed, it was held that
the secretary of state, under the law as it then existed, had
no power to decide between the two, but that it was his duty
to certify both tickets to the county clerks, to the end that
both should be printed upon the official ballots.   The doc-
trine of that case is approved in *State v. Allen*, 43 Neb. 651;
*Phelps v. Piper*, 67 N. W. Rep. 755; *Shields v. Jacob*, 88
Mich. 164, and in the case of *People v. Johnson*, decided at
this term, *ante*, p. 150.

We do not understand that the doctrine announced in 18
Colo. is controverted in this case, but authority for respond-
ent's action is claimed by reason of an amendment to the
Australian ballot law passed since that decision was an-
nounced.   Session Laws, 1894, pp. 64, 65.   This amendment
will be found in full in *People v. Johnson, supra*.   An ex-
amination will show that it in no way enlarges the duties or
extends the powers of the secretary of state, or purports to
do so.   In these circumstances, the opinion in 18 Colo. must
control, and the duty of the secretary of state to certify both
sets of nominations is clear.

It is claimed, however, *first*, that this court has no jurisdic-
tion by mandamus, because the amendment of 1894 gives the
relator a plain, speedy and adequate remedy at law; *second*,
that this being an appellate court, it should, in the exercise
of a wise discretion, refuse to take original jurisdiction of
this controversy.

While it is settled that the remedy by mandamus is not
available where there is a plain, speedy and adequate remedy
at law, it is equally as well established that such legal remedy

must be adequate, and we are satisfied from an examination of the act of 1894 that the remedy therein provided is not adequate to afford relief in the present emergency. The statute relied upon to defeat this proceeding does not purport to make the judgment of the district court final, and for this reason the remedy is inadequate, as only twenty days now remain between this and the day of election, during which period these tickets must be certified to each county clerk in the state, and by that officer recertified to the printers and printed upon the official ballots. In some instances, the county seats of these counties are remote from and not connected with the state capitol by rail, while in only a few counties are the printing facilities adequate. The time is so short that the remedy provided by statute is not available in this case.

It is well understood that this court, in common with all other appellate tribunals, will refuse to take original jurisdiction of any case unless the necessity for so doing is urgent. This rule arises from the necessity of giving appellate business the preference; otherwise, the time given to original proceedings would be to the exclusion of the primary business of an appellate court, viz. to review the decisions of inferior tribunals. All courts are reluctant to take jurisdiction of political controversies, such as the one before us, particularly during a heated campaign; but, notwithstanding this reluctance, where the urgency is great, they will do so in order that a miscarriage of justice may be prevented.

The importance of the question at issue in this proceeding cannot well be overestimated. One of the great political parties, now struggling for control of the national as well as of the state government, will, if the decision of the secretary of state prevails, be deprived of the opportunity of placing its ticket before the people of the state of Colorado, for their suffrage at the approaching election, and the people will, to that extent, be disfranchised. Petitioners are contending for a right to have a ticket on the official ballot, not to keep one off; a right to place before the voters another ticket, and

not to deprive any other party of its name, emblem or any other right. The court cannot refuse to entertain jurisdiction of such a controversy, although we are not unmindful of the force of the objection urged by counsel that the precedent will furnish some excuse for like applications in the future in other controversies growing out of the election law. We trust, however, that the court will be able to protect itself, and its appellate business, from the flood of original litigation which counsel predicts. Every application must be determined upon the circumstances peculiar to it. A question of national importance, like the one before us, will not often be presented, and it is hardly probable that other parties will be compelled to resort to this court in order that the provisions of any statute, as interpreted by the highest judicial tribunal of the state, shall be given effect by a ministerial officer.

Under the decision in 18 Colo., it is the plain duty of the secretary of state to certify to the various county clerks the ticket known as the "McKinley Republican Ticket." Let the peremptory writ issue.

*Peremptory writ ordered.*