Argued 18 May; decided 26 May, 1898.

### SEARS v. KINCAID.

[53 Pac. 303]

1. MANDAMUS — CONTENTS OF WRIT.—A writ of mandamus must itself point out the acts required to be done, and the person against whom it is directed cannot be required to look beyond the language of the writ to ascertain such acts.

2. DUTY OF SECRETARY OF STATE—AUSTRALIAN BALLOT LAW.— Under section 45 of the election law of this state, commonly known as the Australian Ballot Law (Laws, 1891, p. 22), the secretary of state is required to certify to the names of candidates, and to the other matters contained in the several certificates which are required by law to be placed on the official ballot, and mandamus will not compel him to do more, as, for example, to certify that a particular candidate was nominated by a certain party.*

*NOTE.—*Nominees of Rival Factions.*—Certified nominees of rival factions of a party will both be admitted to representation on the official ballot: *Shields* v. *Jacob* (Mich.), 13 L. R. A. 760; *Phelps* v. *Piper* (Neb.), 33 L. R. A. 53; *Sims* v. *Daniels* (Kan.), 35 L. R. A. 146; *Stephenson* v. *Board of Commissioners* (Mich.), 42 L. R. A. 214; *contra, McDonald* v. *Hinton* (Cal.), 35 L. R. A. 152; *Hutchinson* v. *Brown* (Cal.), 42 L. R. A. 233.

*Nominations by Unusual Conventions.*—A nominating convention need not of necessity be composed of delegates; a mass meeting is sufficient, if it be according to party usage: *Manston* v. *McIntosh* (Minn.), 28 L. R. A. 605. A gathering of a few persons from a single county, without any general notice, and without being chosen by any electors is not a convention that can nominate a ticket: *State ex rel.* v. *Johnson* (Mont.), 34 L. R. A. 313; nor can a political club call itself a convention and be recognized as such: *State ex rel.* v. *Tooker* (Mont.), 34 L. R. A. 315.

*Rescinding Nomination.*—In the absence of fraud or oppression a political convention may rescind its action in making a nomination and make a new nomination, and its final determination as to candidates and other matters within its jurisdiction will be followed by the courts: *Phillips* v. *Gallagher* (Minn.), 42 L. R. A. 222.

*Political Committees.*—A duly assembled convention of a political party may

From Marion : HENRY H. HEWITT, Judge.

Mandamus by James K. Sears against Harrison R. Kincaid, as secretary of state, who appeals from an order issuing the writ.

REVERSED.

For appellant there was an oral argument by *Mr. Seneca Smith.*

For respondent there was an oral argument by *Mr. A. W. Prescott.*

MR. JUSTICE BEAN delivered the opinion.

This is a mandamus proceeding brought by James K. Sears, who claims to be the nominee of the People's Party for the office of state treasurer, to compel the defendant, as secretary of state, to receive and file his certificate of nomination and acceptance thereof, and to otherwise recognize him as the regular candidate of that party for said office. The alternative writ, setting forth the facts according to the plaintiff's petition, avers, in

delegate its power to a committee, and candidates nominated by that body are the party nominees: *White* v. *Sanderson* ( Minn.), 42 L. R. A. 231 ; but nominees of a self-constituted committee without delegated authority will not be permitted on an official ballot : *State ex rel.* v. *Tooker* (Mont.), 34 L. R. A. 315. Equity cannot control the action of a chairman of a political committee in adding members to fill alleged vacancies, or in expelling others : *Kearns* v. *Howley* ( Pa.), 42 L. R. A. 235. The power of a party convention cannot be controlled by the executive committee who call it : *Hutchinson* v. *Brown* ( Cal.), 42 L. R. A. 232.

*Requirement of Per Cent. of Total Vote.*—The provision that a party must have cast at least a given per cent. of the total vote at the last preceding election to entitle it to a party designation on the official ballot is generally upheld : *De-Walt* v. *Bartley* (Pa.), 15 L. R. A. 771 ( 28 Am. St. Rep. 814 ); *State ex rel.* v. *Black* ( N. J.), 16 L. R. A. 769 ; *State ex rel.* v. *Poston* ( Ohio ), 42 L. R. A. 237 ; *State ex rel.* v. *Anderson* ( Wis.), 42 L. R. A. 239.

*Limitation to One Place on Ticket.*—For a discussion of the right of a candidate to have his name on the ballot under the designation of each party by which he has been nominated, see *Fisher* v. *Dudley* ( Md.), 12 L. R. A. 586 ; *Todd* v. *Election Commissioners* ( Mich.), 29 L. R. A. 330 ; *State ex rel.* v. *Burdick* ( Wyo.), 34 L. R. A. 845 ; *State ex rel.* v. *Bode* ( Ohio ), 34 L. R. A. 498 ( 60 Am. St. Rep. 696 ); *State ex rel.* v. *Anderson* ( Wis.), 42 L. R. A. 239 ; *Miller* v. *Pennoyer*, 23 Or. 364.—REPORTER.

substance, that at a regularly called state convention of
the People's Party, held in the City of Portland on
March 23, 1898, the plaintiff was nominated as the can-
didate of such party for the office of state treasurer, and
that his certificate of nomination and acceptance thereof,
copies of which are set out, were presented to the de-
fendant secretary of state for filing, who refused to file
either of such papers, and notified the plaintiff that he
would not recognize their validity, and would not certify
or file the same in his office, or make or transmit dupli-
cates thereof to the county clerks of the several counties
in the state or post them in his office. The writ there-
upon commands the defendant to file such certificate of
nomination, and plaintiff's acceptance thereof, as of the
date when the same was tendered to him for filing, and,
within the time required by law, to arrange the name of
the petitioner upon the form of the ballot, etc., or show
cause, at a time fixed, why he has not done so. At the
time required the defendant appeared, and for his return
to the writ admits that a certificate of plaintiff's nomin-
ation, and of his acceptance thereof, in words and fig-
ures as set out in the alternative writ, were presented to
him for filing at the time alleged, but denies that he re-
fused to file the same, and affirmatively avers that he had
filed both of such papers prior to the service of the al-
ternative writ upon him. He also denies that plaintiff
is the regular nominee of the People's Party for the office
of state treasurer, or entitled to be recognized as such,
and admits that he has and does refuse to so recognize
him because he was never nominated by the People's
Party.

For a further and separate defense to the alternative
writ the defendant alleges, in substance, that the plaintiff
was not nominated for the office of state treasurer, or for
any office, by the regular People's Party convention, but

by a so-called convention composed in part of bolters from such regular convention.   A part of the answer was stricken out, on motion, and a demurrer to the remainder was sustained, on the ground that it constituted no defense to the alternative writ, and, defendant declining to plead further, a peremptory writ of mandamus was issued, commanding him "that, after having received and filed the certificate of nomination of the plaintiff herein as the People's Party nominee for the office of treasurer of the State of Oregon, and the plaintiff's acceptance thereof, as alleged in the defendant's answer herein, you certify the same, within the time prescribed by law, under the seal of the State of Oregon, and file the same in your office, and make and transmit a duplicate thereof by registered letter to the county clerk of each county in the State of Oregon within the time required by law, and that you post a duplicate thereof immediately in a conspicuous place in your office, and keep the same so posted until after the election to be held on the sixth day of June, 1898, and, in general, do all things required of you by the statutes of the State of Oregon, and necessary to place the plaintiff before the voters of the State of Oregon at the said election as a candidate for the office of state treasurer of the State of Oregon." The defendant appeals, claiming that there is no law requiring or authorizing him to do any of the things which he is commanded to perform by the peremptory writ, and, if this position is sound, the judgment must be reversed.

1. A mandamus is an extraordinary writ, directed to an inferior court, corporation, board, officer, or person, to compel the performance of some particular thing therein specified, and which the law specially enjoins upon the defendant as a duty resulting from his office, trust or station

(Code, § 593, and Bouv. Law Dict.) ; and therefore great care is required in stating in the writ the particular thing commanded to be done, in order that the party to whom it is directed may know the precise duty to be performed, and because the writ must be enforced in the terms in which it is issued or not at all. The duty of the defendant, the performance of which it is the office of the writ to compel, cannot be left to outside ascertainment, nor can he be required to look dehors the language of the writ, but it is elementary law that he may look to the mandatory clause alone to ascertain what acts he is required to perform :   High, Extr. Rem. §§ 531, 561 ; 2 Spell. Extr. Rel. § 1698 ; Merrill, Mand. § 260 ; *Hartshorn* v. *Assessors,* 60 Me. 276 ; *State ex rel.* v. *Mobile Railway Co.,* 59 Ala. 321 ; *People ex rel.* v. *Brooks,* 57 Ill. 142.

2. Now, the mandatory clause in the writ issued in this case is perhaps susceptible of two interpretations. It either requires the defendant to certify to the nomination of plaintiff, and to transmit to the several county clerks, and post and keep posted in his office, a duplicate of such certificate, or it commands him to certify to the certificate of such nomination and acceptance thereof, and so transmit and otherwise dispose of the same. But, in either event, it requires the performance of acts not enjoined upon the defendant by law.   Section 45 of what is known as the " Australian Ballot Law" (Sess. Laws 1891, p. 33) requires the secretary of state, not less than 28 nor more than 30 days before the day fixed for the election, to arrange, in the manner provided in the act for the arrangement of names and other information upon the ballots, all the names and other information concerning all the candidates contained in the certificates of nomination which have been filed with him and accepted by the nominees, and to forthwith certify to and file the same, and

make and transmit to the several county clerks and post in his office a duplicate thereof. But there is no law requiring him to certify to the several certificates of nomination, or of the nominees' acceptance thereof, or to transmit to the county clerks or post in his office a duplicate of such papers, nor is he authorized or required to certify to the nomination of any of the candidates, or to transmit to the several county clerks or post in his office any certificate upon that subject whatever. His duty is confined to the arrangement of the names and other information concerning the candidates contained in the certificates of nomination on file in his office, in the manner provided by law for the arrangement of the names and other information upon the ballot, and to certify to the same and transmit to the various county clerks, and post in his office a duplicate thereof. In short, he is required to certify to the names of the candidates, and to the other matters contained in the several certificates of nomination, and which are required by law to be placed on the official ballot, but not that the persons so named are, in fact, the nominees of any party ; and, so far as the question has received judicial consideration, the holdings are quite uniform that, under statutes like ours, he has no power or authority in so doing to pass upon the regularity or validity of such nominations, or to inquire into the regularity of the conventions by which they purport to have been made : *Shields* v. *Jacob*, 88 Mich. 164 (13 L. R. A. 760, 50 N. W. 105) ; *People* v. *District Court*, 18 Colo. 26 (31 Pac. 339); *People* v. *McGaffey*, 23 Colo. 156 (46 Pac. 930); *State* v. *Allen*, 43 Neb. 651 (62 N. W. 35); *Phelps* v. *Piper*, 48 Neb. 724 (33 L. R. A. 53, 67 N. W. 755) ; *State* v. *Piper*, 50 Neb. 25 (69 N. W. 378); *Sims* v. *Daniels*, 57 Kan. 552 (35 L. R. A. 146, 46 Pac. 952); *Robbins* v. *Harrity*, 2 Pa. Dist. R. 163. It follows that whether we accept the defendant's construction of the

language of the peremptory writ, or adopt that of the plaintiff, it in either event requires the performance by the defendant of acts not enjoined upon him by law, and its issuance was therefore error. Under this view, the questions raised by plaintiff's motion to dismiss become immaterial. The judgment of the court below will be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.