# Longshore, Judge, &c. v. The State ex rel. Turner.

## Petition for Mandamus.

1. *Mandamus; when alternative writ defective and should be stricken.*—Where, on the presenation of a petition for *mandamus*, which prays for an alternative writ of *mandamus* commanding respondents to do certain things as required by law or to show cause at the next term of the circuit court of the county why they should not do the things demanded, the court grants the prayer of the petition and orders the clerk "to issue rule *nisi* directed as prayed for and returnable" to a specified day of the ensuing term of the circuit court of the the county, a writ issued by said clerk commanding the the sheriff to notify the respondents "to appear" at the time and place fixed in said order "then and there to show cause if any they have, why the said" respondents, naming them, "as above set forth have refused and neglected to discharge the duties imposed on them," under the law referred to, such writ should, upon motion properly made, be stricken; it not being an alternative writ at all, and, therefore, wholly bad.

APPEAL from the Circuit Court of Shelby.

Heard before the Hon. A. H. ALSTON.

This was a petition filed by the appellee against the appellant and was addressed to the Judge of the Seventh Judicial Circuit. The purpose of the petition and the facts relating to the order of the court and the issuance of the writ are sufficiently stated in the opinion.

The respondents moved the court to quash the writ issued upon several grounds, which were in substance as follows: 1. Because the writ served on them was not the writ which the fiat of the judge ordering the same directed to be served on them. 2. Because the writ served on them was without any authority of law. 3. Because the writ served on them was not based or founded on an order of any judge. 4. Because writ served on them was an unauthorized act of the clerk of the cir-

cuit court. 5. Because there was no authority in law for the issuance of the writ which was served on them. This motion to quash the writ was overruled. There were then demurrers interposed to the petition which were overruled. The defendants filed their answer to the petition. The relator moved the court to strike the answer as a whole and each of its sections, upon the grounds set out in the motion. This motion was granted, and the answer was stricken. The respondents then declining to plead further, judgment was rendered granting the prayer of the petition. From this judgment the respondents appeal, and assign as error the several rulings of the trial court.

BROWN & LEEPER, for appellants, cited, *State ex rel. Harrell v. Railway*, 59 Ala. 321; *State v. Milwaukee*, 22 Wis. 397; *Boom Co. v. Titus*, 61 Ind. 371; Judson on Taxation, § 354; Cooley on Taxation, (2d ed.), 155; *Louisiana v. Pillsbury*, 105 U. S. 278.

THOS. L. BULGER, *contra*, cited *Davis v. L. & N. R. R. Co.*, 108 Ala. 660; *Couch v. Davidson*, 109 Ala. 313.

McCLELLAN, C. J.—This is a petition for *mandamus* prosecuted by the State on the relation of Turner against Longshore, probate judge of Shelby county, etc., the commissioner's court of that county, and the members of said court. The prayer of the petition is for an alternative writ of *mandamus* to be directed to the respondents "commanding them and each of them to take all necessary steps and make all necessary orders to issue and sell bonds of said county of Shelby to the amount of $10,000 the proceeds to be used only for the erection and equipment of a court house and jail at Calcis where the same has been constitutionally located, or to provide by other means a sufficient amount of money to erect a suitable court house and jail at Calcis where the same has been constitutionally and legally located and to properly equip and furnish the same with record books and other necessary equipments, or to show cause at the next term of the circuit court of Shelby county at the place of holding the same * * * why the

said court of county commissioners of Shelby county should not take all necessary steps and make all necessary orders to issue and sell bonds of said Shelby county to the amount of $10,000, the proceeds to be used only for the erection and equipment of such court house and jail, or to provide by other means a sufficient amount of money to erect a suitable court house and jail at Calcis * * * and to properly equip and furnish the same with record books and other necessary equipments." On presentation of this petition to the circuit judge, he made an order granting its prayer and directeing the clerk of the court "to issue rule *nisi* directed as prayed for and returnable" to a specified day of the ensuing term of the circuit court of Shelby county. The clerk issued a writ commanding the sheriff to notify the respondents "to appear" at the time and place fixed in said order, "then and there to show cause if any they have why the said" respondents, naming them, "as hereinabove set forth have refused and neglected to discharge the duties imposed on them under the ordinance of the constitutional convention of the State of Alabama."

Upon a reading of the prayer of the petition, the order made by the court in response thereto and the writ issued by the clerk, as they are set out above, it is at once obvious that the writ so issued is wholly bad. In the first place the alternative writ in *mandamus* is not process merely but both process and pleading. In strictness it is the thing to be answered by the respondent and it should, therefore, by way of premises for and inducement to its mandate set out the facts upon which the relator bases his right. This writ makes no pretense in that direction. Then the writ must alternatively command a thing to be done or that the respondent should appear and show cause why a peremptory writ should not issue commanding him to do that thing. In all cases the respondent has the right to do the act in question and to an opportunity to do it or enter upon its execution and make return of the fact in answer to the writ. It is only when and in the event he fails to perform the act that he must show cause against being compelled to perform. The prayer here was that the

respondents be called upon to act or to show cause against being forced to act. The order followed the prayer. The writ, however, fails utterly to give the respondents any such, or other, alternative. It is not an alternative writ at all. It affords no opportunity for the respondents to perform the required acts, but commands them peremptorily, and not alternatively to appear and show cause. And more, it does not command them to show cause against the issuance of a peremptory writ coercing the action desired, it does not look to any such proceeding at all, but the command is that they shall show cause, not why they should not be compelled to act, but why they have not acted, as if the purpose and end of the proceeding was to punish them for past pretermission of duty, and not to force them to discharge of duty in the future. The writ issued was altogether bad, and it should have been quashed on the motion made by the respondents.—13 Ency. Pl. & Pr. pp. 769 *et seq.;* High Ex. Rem. §§ 529, 536-9; Merrill on Mandamus, § 260; *State v. Mobile & Montgomery Railroad Co.,* 59 Ala. 321; *State v. Williams,* 69 Ala. 311.

If the answer to a proper alternative writ is sufficient, that is shows no cause against the right to a peremptory *mandamus* asserted by the relator, it is unnecessary to demur to it or to move to quash it. The court will consider the case presented, or the relator on the petition and alternative writ and for the respondent on his answer, determine the insufficiency of the answer, and award the peremptory writ without any challenge of the answer by motion or demurrer. If such motion or demurrer is interposed and sustained, it is only another way of determining the insufficiency of the answer, and by thus proceeding the respondent cannot be prejudiced.

Of course, if the answer is sufficient, if it does show legal cause against the issuance of a peremptory writ, and its averments are not put in issue as now allowed by our statute, the writ will be denied and the proceeding dismissed. We will not on this appeal discuss the answer of the respondents on its merits or demerits. They should never have been put to their answer at all.

[Little *et al.* v. State *ex rel.* Huey *et al.*]

For the error committed by the court in overruling respondents' motion to quash the so-called alternative writ, the judgment awarding the peremptory writ must be reversed, and a judgment will be here entered quashing said writ. The cause will be remanded.

Reversed, rendered in part and remanded.