# IN RE: JULIO A. BRADY, Petitioner

S. Ct. Civ. No. 2008-058
Supreme Court of the Virgin Islands
January 22, 2009

JOEL H. HOLT, ESQ., St. Croix, USVI, *Attorney for Petitioner.*

CAROL THOMAS-JACOBS, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Respondent.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and FINCH, *Designated Justice.*[1]

## ORDER OF THE COURT

### (January 22, 2009)

PER CURIAM. This matter came before the Court on a Petition for Extraordinary Writ, which was filed on July 18, 2008 and seeks to have Superior Court Action No. 342/2008 removed to the Supreme Court for consideration by a panel of this Court. Pursuant to our Order of August 14, 2008, the Government of the Virgin Islands ("Respondent") filed an answer to the petition on September 15, 2008, and the Clerk of the Superior Court transmitted a copy of the docket entries to this Court on September 26, 2008.

In our August 14, 2008 Order, we noted that the Petition for Extraordinary Writ filed by Judge Julio A. Brady ("Petitioner") was in effect a request for transfer pursuant to title 4, section 32(d) of the Virgin Islands Code.[2] That provision provides us with the discretion to transfer

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. Designated Justice Raymond L. Finch, senior judge of the District Court of the Virgin Islands, sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

[2] For procedural convenience, we further noted that this request for transfer would be treated as a Petition for Extraordinary Writ pursuant to Supreme Court Rule 13. However, in his October 20, 2008 Motion for Briefing Schedule, also pending before this Court, Petitioner maintains that our August 14, 2008 order "explicitly accept[ed] jurisdiction" over the underlying matter pursuant to Supreme Court Rule 13(b). On October 31, 2008, Respondent filed a response to Petitioner's motion wherein Respondent argues that this Court has not yet decided whether we will reach the merits in this case. In our August 14, 2008 Order, we merely ordered the Respondent to file a response to this petition and the Clerk of the Superior Court to transmit to us the docket entries and any subsequently-entered orders. Accordingly, we did not accept jurisdiction over this matter by our August 14, 2008 order or any other

to this Court any action that originated in, or is pending in, another local court or administrative agency, if we find that such a transfer will promote the administration of justice. V.I. CODE ANN. tit. 4, § 32(d). In this case, Petitioner contends that a transfer would promote the administration of justice because: an appearance of impropriety would result if this case was decided by one of Petitioner's colleagues on the Superior Court; this Court is the most appropriate body to resolve an alleged conflict between the Executive and Judicial Branches of the Government; and no factual hearing would be required to decide the merits of this case.

As to the first point, Respondent counters that

> there is no rule or law which states that when a judge files an action, his lawsuit is not subject to the trial court proceedings and must proceed directly in the Supreme Court or Appellate Court. Such a process would effectively deny Respondent the opportunity to appeal as of right [from the initial final judgment of the lower court.]

(Resp. to Pet. 3.) We note, however, that such an argument is not determinative as it can be made in every case where transfer to this Court is requested, which would in every case deny a right of direct appeal. Moreover, to accept such an argument would effectively render the transfer provision meaningless. As to Petitioner's second and third points, Respondent argues that there is no conflict between the Executive and Judicial Branches and that this case would require some factual discovery to ascertain the sum of money allegedly due to Petitioner. We agree that this dispute is not between the Executive and Judicial Branches; rather, it is a dispute between a former Executive Branch official (a former Lieutenant Governor) and an administrative division of the Executive Branch (the Department of Finance).

As title 4, section 32(d) of the Virgin Islands Code states, "[t]he Supreme Court may transfer to itself any action or proceeding originated or pending in another local court or administrative agency within the Territory upon a finding that such a transfer will promote the administration of justice." Because this Court has not previously elaborated on the circumstances under which transfer would promote the administration of justice, we do so at this time.

---

order. Furthermore, given our ruling herein, we will deny Petitioner's Motion for Briefing Schedule.

In other jurisdictions, appellate courts are authorized to assert original jurisdiction over certain matters only under limited circumstances. For instance, in Montana, an original proceeding in the form of a declaratory judgment action may be commenced in the state Supreme Court only when: "(1) constitutional issues of major statewide importance are involved; (2) the case involves purely legal questions of statutory and constitutional construction; and (3) urgency and emergency factors exist making the normal appeal process inadequate." *Hernandez v. Bd. of County Comm'rs*, 189 P.3d 638, 641, 345 Mont. 1 (2008); *see also* MONT. R. APP. P. 14(4). Similarly, the Missouri Court of Appeals, finding itself bound by the state supreme court's rules for practice and procedure, has aptly stated:

> [N]o original remedial writ, except habeas corpus, will be issued . . . in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court. This rule, of course, is not absolute and is waived in event of great urgency for an early determination or public importance. The reasons for the rule lie in the settled law and custom that there must be a strong and special reason for the exercise of this original jurisdiction by a court designed primarily as a court for correction and appellate review of errors of inferior courts, both for the reason that questions of fact may be involved and a proper determination of facts can usually be made more satisfactorily and with less expense to all the litigants in the circuit court than in the appellate court, where the machinery for the taking and preservation of evidence is not as convenient . . . .

*Missouri ex rel. Dietz v. Carter*, 319 S.W.2d 56, 57 (Mo. App. 1958) (internal citations omitted). *Accord Colorado ex rel. Hodges v. McGaffey*, 23 Colo. 156, 46 P. 930, 931 (1896) ("It is well understood that this court, in common with all other appellate tribunals, will refuse to take original jurisdiction of any case unless the necessity for so doing is urgent. This rule arises from the necessity of giving appellate business the preference; otherwise, the time given to original proceedings would be to the exclusion of the primary business of an appellate court, viz. to review the decisions of inferior tribunals.").

Because we find the reasoning employed by these jurisdictions to be sound, we hold that, for the purposes of transferring an action to this Court, the administration of justice is promoted when a case involves

purely legal questions, issues of public importance, and issues of such urgency that use of the normal appellate process would be inadequate.

■■■■ In this case, Petitioner principally argues that the administration of justice would be promoted because an appearance of impropriety would result if this case was decided by one of his Superior Court colleagues. Since no other Superior Court judge would benefit financially from a ruling in Petitioner's favor, it appears that Petitioner believes that his personal and/or professional relationships with each of the other Superior Court judges would give rise to the appearance that the judges cannot be impartial in determining his right to a pension as former Lieutenant Governor of the Virgin Islands. We reject this argument because the same argument can be made with respect to this Court's justices with whom Petitioner has sat as a designated Justice *Pro Tem* in several matters on appeal to this Court.[3] However, even if Petitioner's argument had merit, the rule of necessity would operate to allow a fellow judge of the Superior Court to adjudicate this case because no other judge or court would be available to hear Petitioner's case. *See, e.g., Hatter v. United States*, 64 F.3d 647 (Fed. Cir. 1995) (holding that rule of necessity applies to allow court to hear a case where all judges of that court have a personal stake in the outcome of the litigation because no other court could hear the case for the same reason); *Atkins v. United States*, 556 F.2d 1028, 1036-37, 214 Ct. Cl. 186 (1977) ("The judicial function of courts may not be abdicated even on the grounds of interest when there is no other court that can act. . . . The rule [of necessity] has been applied consistently in federal courts. It has been applied in many cases notwithstanding the existence of disqualification statutes."); *Olson v. Cory*, 636 P.2d 532, 537 (Cal. 1980) ("The rule of necessity provides that a judge is not disqualified from adjudicating a cause because of personal financial interest if there is no other judge or court available to hear and resolve the cause. It is immediately apparent that all California judges have at least an involuntary financial interest in this case. To disqualify one would disqualify all, depriving them . . . of opportunity to litigate their case." (internal citation omitted)).

Moreover, we do not find Petitioner's right to continue receiving his Lieutenant Governor's pension while serving as a Superior Court judge to

---

[3] Additionally, as Respondent notes, several of this Court's justices were once colleagues of Petitioner's when they served as Superior Court judges.

be an issue of such urgency or public importance that the normal appellate process would be inadequate to resolve. Lastly, the trial court, which has adopted rules for conducting discovery, is the more appropriate forum to determine a matter that may require the development of a record of key facts, such as the amount of pension benefits allegedly owed to Petitioner. The trial court can then interpret and apply the relevant laws to the developed facts, and the court's decision can be reviewed on appeal, if necessary. Accordingly, it is hereby

**ORDERED** that the Petition for Extraordinary Writ shall be **DENIED**. It is further

**ORDERED** that Petitioner's Motion for Briefing Schedule shall be **DENIED**. It is also

**ORDERED** that copies of this Order be served on the parties' counsel.

**SO ORDERED** this 22nd day of January, 2009.