IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

January 17, 2024 12:58 PM
SCT-Civ-2023-0126
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

**IN RE:**

**35th LEGISLATURE OF THE VIRGIN ISLANDS,**
    **Petitioner.**

**SCT-Civ-2023-0126**
Re: ST-2022-CV-00247

## NOTICE OF ENTRY OF JUDGMENT/ORDER

TO:  **Justices of the Supreme Court**
      **Judges and Magistrate Judges of the Superior Court**
      **The Honorable Renee Gumbs-Carty, Senior Sitting Judge**
      **Joseph Arellano, Esq.**
      **Treston E. Moore, Esq.**
      **Veronica J. Handy, Esq., Clerk of the Supreme Court**
      **Tamara Charles, Clerk of the Superior Court**
      **Supreme Court Law Clerks**
      **Supreme Court Secretaries**
      **Order Book**
      **Westlaw**
      **Lexis/Michie**

Please take notice that on **January 17, 2024** a(n) **ORDER** dated **January 17, 2024**, was entered by the Clerk in the above-entitled matter.

Dated: **January 17, 2024**

**VERONICA J. HANDY, ESQ.**
Clerk of the Court

By: _____
      **Deputy Clerk II**

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

January 17, 2024 12:44 PM
SCT-Civ-2023-0126
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication.**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| IN RE: | )  **S. Ct. Civ. No. 2023-0126** |
| | )  Re: Super. Ct. Civ. No. 247/2022 (STT) |
| **35th LEGISLATURE OF THE VIRGIN ISLANDS,** | ) |
| Petitioner. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

On Petition to Transfer

Considered and Filed: January 17, 2024

Cite as: 2024 VI 6

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

## ORDER OF THE COURT

**PER CURIAM.**

¶ 1     **THIS MATTER** is before the Court pursuant to a petition filed by the 35th Legislature of the Virgin Islands, one of the co-defendants in *Payne v. Frett-Gregory et al*, Super. Ct. Civ. No. 247/2022 (STT), requesting that this Court transfer that matter to itself from the Superior Court pursuant to title 4, section 32(d) of the Virgin Islands Code and Rule 39(a) of the Virgin Islands Rules of Appellate Procedure.  Also before the Court is a response in support of the transfer filed by the Legislature's co-defendant, Senator Donna Frett-Gregory,[1] as well as a response in

---

[1] In their respective filings, the Legislature and Senator Frett-Gregory request that the caption of this case be amended to reflect the swearing-in of the members of the 35th Legislature and the election of Senator Novelle E. Francis, Jr. as its President. Rule 34(c)(1) of the Virgin Islands Rules of Appellate Procedure provides that

> When a public officer who is a party to an appeal or other proceeding in the
> Supreme Court in his or her official capacity and during its pendency dies, resigns,

*In re: 35th Legislature of the V.I.*          2024 VI 6
S. Ct. Civ. No. 2023-0126
Order of the Court
Page 2 of 7

opposition filed by plaintiffs Steven D. Payne and Noellise Powell.  For the reasons that follow,

we grant the petition.

## I. BACKGROUND

¶ 2      The underlying lawsuit, filed by Payne—a former member of the 34th Legislature expelled

by that body—as well as a voter, was commenced in the Superior Court on July 25, 2022, and

originally sought an injunction and declaratory judgment declaring the expulsion illegal, as well

as money damages. The Legislature and Senator Frett-Gregory filed a motion to dismiss on

September 30, 2022, which asserted numerous grounds in support of dismissal, including failure

to join indispensable parties; immunity under the speech or debate provision of section 6(d) of the

Revised Organic Act of 1954; that the matter is non-justiciable because section 6(g) of the Revised

Organic Act provides that the Legislature "be the sole judge of the elections and qualifications of

its members" and may exercise "all the authority and attributes, inherent in legislative assembles;"

waiver; and immunity from monetary damages pursuant to section 2(b) of the Revised Organic

Act.  The defendants would later file a second motion to dismiss on January 7, 2023, asserting that

the case had also become moot due to the expiration of the senatorial term to which Payne had

been elected.

¶ 3      The Superior Court held oral argument on the motions on January 10, 2023, and would

subsequently issue an April 25, 2023 opinion denying the second motion to dismiss on mootness

---

or otherwise ceases to hold office, the action does not abate and his or her successor
is automatically substituted as a party. Proceedings following the substitution shall
be in the name of the substituted party, but any misnomer not affecting the
substantial rights of the parties shall be disregarded.

Because the record reflects that Senator Frett-Gregory had only been sued in her official capacity
as the then-President of the Legislature, we accordingly recaption this matter.

*In re: 35th Legislature of the V.I.* 2024 VI 6
S. Ct. Civ. No. 2023-0126
Order of the Court
Page 3 of 7

grounds. The Superior Court, however, took no action with respect to the first motion to dismiss. After allowing the matter to remain dormant for an additional seven months, the Superior Court then entered a November 17, 2023 order scheduling the matter for a bench trial on March 14, 2024, which stated that the pending motion to dismiss "will be denied and a memorandum opinion and order will be issued shortly." While more than two months have passed since entry of that order, the Superior Court has not yet issued an opinion or other document explaining why the motion to dismiss will be denied.

¶ 4    The Legislature filed the instant petition for transfer with this Court on December 22, 2023. In its petition, the Legislature asserts, among other claims, that the Superior Court has infringed on the separation of powers principles inherent in the Revised Organic Act and exceeded its authority by setting the matter for trial without first adjudicating the immunity defenses that have been fully briefed for nearly a year and a half, in effect denying it the protection of that immunity which is not just to shield it from liability but also to shield it from trial.

¶ 5    This Court, in a December 28, 2023 order, directed the plaintiffs to respond to the petition, which they did on January 12, 2024. While the plaintiffs oppose a transfer to this Court, they nevertheless acknowledge the importance of the issues, and request that in lieu of a transfer this Court allow the Superior Court to issue its ruling and then request that it certify that ruling for an interlocutory appeal pursuant to Rule 6 of the Virgin Islands Rules of Appellate Procedure.

## II. DISCUSSION

¶ 6    As the court of last resort of the Virgin Islands, this Court possesses the power to "transfer to itself any action or proceeding originated or pending in another local court or administrative agency within the Territory upon a finding that such a transfer will promote the administration of justice." 4 V.I.C. § 32(d). "[F]or the purposes of transferring an action to this Court, the

*In re: 35th Legislature of the V.I.*                2024 VI 6
S. Ct. Civ. No. 2023-0126
Order of the Court
Page 4 of 7

administration of justice is promoted when a case involves purely legal questions, issues of public importance, and issues of such urgency that use of the normal appellate process would be inadequate." *In re Brady*, 51 V.I. 112, 115-16 (V.I. 2009); *see also* V.I. R. APP. P. 39(a).

¶ 7    We agree with the Legislature and Senator Frett-Gregory that the narrow issues identified in the petition warrant a transfer from the Superior Court to this Court pursuant to section 32(d). As all parties seem to agree, the issues raised in the petition—whether the Legislature and Senator Frett-Gregory are immune from suit pursuant to various provisions of the Revised Organic Act, and whether section 6(g) of the Revised Organic Act vests the Legislature with the authority to expel a member without the possibility of judicial review—are pure questions of law that certainly constitute issues of high public importance.  The only dispute, then, is with respect to the third factor: whether the normal appellate process is inadequate to resolve these issues.

¶ 8    This Court has long recognized that the judicial process is best served when issues—even purely legal ones—are adjudicated by the Superior Court in the first instance.  *See, e.g., Gov't of the V.I. v. Connor*, 60 V.I. 597, 604 (V.I. 2014).  Likewise, this Court has acknowledged that the Superior Court possesses broad discretion over the manner in which it disposes of cases on its docket.  *See, e.g., In re Elliot*, 54 V.I. 423, 429 (V.I. 2010).  But these principles are not absolute and must certainly yield when placed in direct conflict with substantive law, and especially constitutional guarantees. One such long recognized exception is that courts must "resolv[e] immunity questions at the earliest possible stage of the litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), since immunity confers "an *immunity from suit* rather than a mere defense to liability" which "is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) (emphasis in original).  For this reason, appellate courts—including this Court—have also long permitted the immediate appeal of the denial of an immunity defense by a

*In re: 35th Legislature of the V.I.*        2024 VI 6
S. Ct. Civ. No. 2023-0126
Order of the Court
Page 5 of 7

trial court. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also In re Najawicz*, S. Ct. Civ. No. 2012-0112, 2012 WL 4829227, at *2 (V.I. Oct. 10, 2012) (unpublished).

¶ 9     While we agree with the plaintiffs that it would certainly be preferable to allow this case to proceed through the ordinary appellate process, we do not believe that process has proved adequate. Although the defendants were entitled to a ruling on their immunity claims at the earliest possible stage in the litigation, the Superior Court has permitted those claims to go unresolved for more than a year and a half, exercising its discretion to first address non-immunity claims such as mootness even though they were asserted months later. And while the Superior Court indicated in its November 17, 2023 order that the motion to dismiss "will be denied and a memorandum opinion and order will be issued shortly," no subsequent opinion or order has issued, which has made it impossible for the defendants to appeal to take an immediate appeal on that issue to this Court and raises the specter that an opinion might potentially not even issue until after the scheduled March 14, 2024 trial.

¶ 10     For these reasons, we agree that this is amongst the extraordinarily rare cases that warrants invocation of our transfer power pursuant to section 32(d). Accordingly, it is hereby

**ORDERED** that the petition to transfer is **GRANTED** and that *Payne v. Frett-Gregory et al*, Super. Ct. Civ. No. 247/2022 (STT), is **HEREBY TRANSFERRED** from the Superior Court of the Virgin Islands to the Supreme Court of the Virgin Islands, effective on the date of entry of this Order. Further filings in this case shall be filed with this Court under case number S. Ct. Civ. No. 2023-0126, which shall be hereafter recaptioned as *Stephen D. Payne and Noellise Powell v. 35th Legislature of the Virgin Islands and Senator Novelle E. Francis, Jr.* The Legislature's motion for leave to file a reply to the plaintiffs' opposition to transfer is **DENIED AS MOOT**. It is further

*In re: 35th Legislature of the V.I.*                    2024 VI 6
S. Ct. Civ. No. 2023-0126
Order of the Court
Page 6 of 7

**ORDERED** that the November 17, 2023 order of the Superior Court denying the defendants' motion to dismiss without explanation and setting the matter for trial on March 14, 2024 is **VACATED**. It is further

**ORDERED** that all proceedings in this matter are **HEREBY STAYED** pending this Court's consideration of the following defenses raised by the defendants in their September 30, 2022 motion to dismiss:

1. Immunity pursuant to section 6(d) of the Revised Organic Act;

2. Non-justiciability pursuant to section 6(g) of the Revised Organic Act; and

3. Immunity pursuant to section 2(b) of the Revised Organic Act.

This Court shall consider these defenses based on the parties' prior filings in Super. Ct. Civ. No. 247/2022 (STT), together with additional briefs the parties shall file with this Court pursuant to the following briefing schedule:

1. The defendants shall file a brief in support of dismissal based on the above-referenced defenses **on or before January 31, 2024**, together with an appendix containing any documents necessary for this Court's consideration of those defenses, which may include copies of papers or other exhibits previously filed with the Superior Court.

2. The plaintiffs shall file a brief in response to the defendants' brief **on or before February 14, 2024,** which shall be limited solely to the above-referenced defenses.

3. The defendants may file a reply brief **on or before February 21, 2024.**

Such briefs and appendix shall comply with and be filed in accordance with the Virgin Islands Rules of Appellate Procedure, with the defendants deemed to be the Appellants and the plaintiffs deemed to be the Appellees. Counsel for all parties **SHALL APPEAR** before this Court on

*In re: 35th Legislature of the V.I.*          2024 VI 6
S. Ct. Civ. No. 2023-0126
Order of the Court
Page 7 of 7

**Tuesday March 12, 2024, at 10:00AM**, for oral argument limited solely to these three defenses.

It is further

      **ORDERED** that the procedures to further govern this case **SHALL BE DETERMINED,**

**IF NECESSARY,** after resolution of the defendants' immunity and justiciability defenses.  It is

further

      **ORDERED** that copies of this Order be served on the appropriate parties.

      **SO ORDERED** this 17th day of January, 2024.

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** _____/s/ Reisha Corneiro_____
      **Deputy Clerk II**

**Dated**: _____January 17, 2024_____

**Copies to:**
Justices of the Supreme Court
Judges and Magistrate Judges of the Superior Court
The Honorable Renee Gumbs-Carty, Senior Sitting Judge
Joseph Arellano, Esq.
Treston E. Moore, Esq.
Veronica J. Handy, Esq., Clerk of the Supreme Court
Tamara Charles, Clerk of the Superior Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book
Westlaw
Lexis/Michie